UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUCIUS A. BEAMON,

        Plaintiff,

v.                                                Case No. 04-C-0250

TOWN OF LYNDON, *et al.*,

        Defendants.

## DECISION AND ORDER

Plaintiff Lucius A. Beamon, dissatisfied with the Town of Lyndon's action on his request for a conditional use permit, brought this civil rights action under 42 U.S.C. § 1983. Beamon claims that the defendants arbitrarily and capriciously denied his petition because of his race and financial status. Beamon also claims, pursuant to Wis. Stat. § 19.37,[1] that the defendants failed to make certain records available for him to review. The defendants have now moved for summary judgment. Beamon has not responded to the motion.[2] For the following reasons, defendants' motion will be granted.

---

[1] "If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made . . . [t]he requester may bring an action for mandamus asking a court to order release of the record."

[2] Defendants filed their motion on August 30, 2005. Pursuant to Civil L.R. 7.1(c), Beamon was required to respond by October 3, 2005.

**FACTS**

In 2002, Beamon entered into discussions with the Town of Lyndon's Board concerning re-zoning certain portions of his property in order to allow him to open a retail store to sell meat and other products from his livestock operation. (Defs.' PFOF ¶ 1.) Such a store was not a permissible use of Beamon's property under the A-1 (Agricultural Land District) zoning designation that it bore at the time. (Defs.' PFOF ¶¶ 2-3.) Beamon first proposed that his land be re-zoned to an A-4 (Agricultural Related Manufacturing, Warehousing and Marketing District) designation (which the Board amended to permit Beamon's proposed use), but later decided he wanted a B-1 (Industrial Business District) designation instead. (Defs.' PFOF ¶¶ 4-9.)

The Board met to consider Beamon's application for a B-1 designation on December 18, 2002. (Defs.' PFOF ¶ 10.) Prior to meeting, the Board had received a recommendation from the Town of Lyndon Planning Commission that Beamon's land, due to its agricultural character, would appropriately be re-zoned from A-1 to B-3, with conditional uses. (Def.'s PFOF ¶¶ 11, 14.) At the hearing, pursuant to the Planning Commission's recommendation, it was noted that the uses requested by Beamon appropriately fell within the Town of Lyndon's B-3 zoning designation, rather than its B-1 designation. As a result the Board re-zoned Beamon's property from A-1 to B-3. (Defs.' PFOF ¶ 12.) Beamon was issued a building permit that same evening allowing him to construct his desired retail store. (Defs.' PFOF ¶ 13.)

Thereafter, on or about April 9, 2003, Beamon submitted a request that his conditional use be expanded, so as to allow him to open and operate a sandwich shop. (Defs.' PFOF ¶ 16.) The Board denied Beamon's request because it did not feel that the sandwich shop fit with the agricultural character of Beamon's property and surrounding properties. (Defs.' PFOF ¶ 17.) Two

2

Board members attest to the fact that Beamon's race did not play a role in the Board's decision. (Defs.' PFOF ¶¶ 15, 19.)

At some point after October 14, 2003, Beamon's then-counsel provided a list of document requests on behalf of Beamon to the Town of Lyndon. (Defs.' PFOF ¶ 21.) In response to these document requests, an examination of the Town of Lyndon's files was made and a list of responsive documents in the Town of Lyndon's possession was assembled and provided to counsel for the Town of Lyndon. (Defs.' PFOF ¶ 22.) Beamon's counsel was allowed to inspect all records produced in response to his requests on November 19, 2003. (Defs.' PFOF ¶ 24.)

**DISCUSSION**

Under the Federal Rules of Civil Procedure, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

As *Celotex* makes clear, the burden that each party carries with respect to a motion for summary judgment under the federal rules varies significantly depending upon which party bears the burden of proof at trial on the issue upon which summary judgment is sought. Where the party seeking summary judgment does not bear the burden of proof at trial on any element of the claim, it is enough that it inform the court of "the basis of its motion and identif[y] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323. There is no requirement that a moving party who does not bear the burden of proof establish that the element does not exist. In other words, a moving party who does not have the burden of proof at trial, (usually the defendant), is not required to prove a negative in order to make a prima facie showing for summary judgment. *Id.*

Once such a showing is made, however, the nonmoving party who does have the burden of proof at trial, (usually the plaintiff), must respond. In the face of a properly supported motion for summary judgment by the defendant, the plaintiff must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24. Moreover, the party that bears the burden of proof at trial must show that it has admissible evidence to support its claim:

> When as in the present case a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of his claim, the plaintiff is required by Fed.R.Civ.P. 56, if he wants to ward off the grant of the motion, to present evidence of evidentiary quality--either admissible documents or attested testimony, such as that found in depositions or in affidavits--demonstrating the existence of a genuine issue of material fact. The evidence need not be in admissible form; affidavits are ordinarily not admissible evidence at a trial. But it must be admissible in content, in the sense that a change in form but not in content,

> for example a substitution of oral testimony for a summary of that testimony in an affidavit, would make the evidence admissible at trial.

*Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994) (internal citations omitted). It is for this reason that summary judgment is referred to in federal courts as the "put up or shut up moment in a lawsuit." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted).

In addition to the foregoing principles, a party moving for summary judgment or responding thereto must comply with the local rules of the district in which the motion is brought. *Koszola v. Bd. of Ed. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). In this district, Civil L.R. 56.2 sets forth additional summary judgment procedures that parties are required to follow. This rule requires that the party moving for summary judgment submit either a stipulation of facts, or "the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record," or a combination of the two. Civil L.R. 56.2(a). The opposing party must file "a specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists." Civil L.R. 56.2 (b)(1). The rule further provides that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine issue of material issue as to any proposed finding of fact to which no response is set out." Civil L.R. 56.2(e). No response has been set out to defendants' proposed findings of fact, and the court accordingly accepts them as true.

Beamon has utterly failed to support his claim that the defendants based their actions on his race or financial status. In fact, the record is completely silent as to what his race or financial status is. The defendants, by contrast, provide a reasonable explanation for their actions and deny that any

5

racial discrimination occurred. The defendants also make clear that Beamon received all the records he requested. Because Beamon's claims have no basis in fact, defendants' motion for summary judgment is **GRANTED.** The clerk of court shall enter judgment accordingly.

**SO ORDERED.**

Dated this  6th  day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
